628 S.E.2d 885

**In the Matter of Julia Ellis BROWN, Respondent.**

**No. 26129.**

Supreme Court of South Carolina.

Submitted Feb. 7, 2006.
Decided March 27, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Paulette Edwards, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a confidential admonition, public reprimand, or a definite suspension not to exceed two years. We accept the Agreement and impose a two year suspension from the practice of law. The facts, as set forth in the Agreement, are as follows.

## FACTS

For a period beginning in December 2002 and ending in April 2004, while employed by the South Carolina Centers for Equal Justice (SCCEJ), respondent used her office and home computers to access or attempt to access the email accounts of more than forty employees of SCCEJ and at least one member of the SCCEJ Board. Respondent accessed the email accounts using passwords either not voluntarily provided to her or not provided to her for the purpose for which she used them. Respondent was not authorized to access these email accounts either by SCCEJ or by the individual users of the accounts.

Respondent accessed these email accounts nearly every day from December 2002 until April 2004. The purpose of respondent's unauthorized access of her coworkers' email accounts

was to monitor management activity and anti-union sentiment during a unionizing effort that respondent initiated and supported. In particular, respondent was looking for information related to the budget, to management meeting reports, and to anti-union activities.

Respondent read, downloaded, and disseminated some of the information contained in the email messages accessed during this time period. Respondent's reading, downloading, and disseminating of this information was not authorized by SCCEJ, the users whose email accounts she accessed, or the original parties to the email messages.

Respondent deleted some of the email messages accessed during this time period. Some of the messages she deleted had not yet been read by the recipients. Respondent was able to discern from viewing the messages which ones had and had not been read. The messages respondent chose to delete contained anti-union information or sentiment. Respondent's deletion of these email messages was not authorized by SCCEJ, the users whose email accounts she accessed, or the original parties to the email messages.

On or about March 29, 2004, respondent used her home computer to access the email account of the managing attorney in another office. She did not have authority from either SCCEJ or the managing attorney to access the account. Through that unauthorized access, respondent obtained a copy of an email message to the interim executive director of SCCEJ from outside counsel representing SCCEJ in connection with the union campaign.

Respondent disseminated this email message to individuals working to unionize SCCEJ. Respondent did not tell these individuals how she obtained the email message. At the insistence of those individuals, respondent forwarded the email message to all of the SCCEJ employees who could vote in the union election. At the time she accessed the email message and at the time she disseminated it, respondent knew that the original sender was outside counsel representing SCCEJ in the union matter.

## *LAW*

Respondent admits that her misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically

Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law). In addition, respondent admits she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (lawyer shall not violate the Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).[1]

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a two year definite suspension from the practice of law. suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.